UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL KANNEGAARD, | ) |
| Plaintiff, | ) No. CV-04-156-CI |
| v. | ) ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING PLAINTIFF'S COMPLAINT AND CLAIMS WITHOUT PREJUDICE |
| WASHINGTON STATE UNIVERSITY, GREG ROYER, CHRIS KENNEY, ERIK WEBB, and YVES LATOUCH, | ) |
| Defendant. | ) |

BEFORE THE COURT is Defendants' Motion for Summary Judgment dismissal filed February 23, 2005, and noted for hearing without oral argument on March 31, 2005. (Ct. Rec. 11.) Plaintiff is appearing pro se; Assistant Attorney General Aaron V. Rocke represents Defendants. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) Plaintiff has not responded to the instant Motion; accordingly, pursuant to LR 56.1(d), Local Rules for the Eastern District of Washington, it is assumed that factual matters not controverted are admitted to exist without controversy.

On May 10, 2004, Plaintiff filed a Complaint against Defendants, alleging damages as a result of the termination of his employment from Washington State University (WSU) on or about May 10, 2001. Plaintiff alleges his termination violated provisions of

ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING PLAINTIFF'S COMPLAINT AND CLAIMS WITHOUT PREJUDICE - 1

42 U.S.C. § 1983, and the Washington State Whistle Blower Act, RCW 42.40. Defendants include Washington State University, Greg Royer, Chris Kenney, Erik Webb, Tim McCarty,[1] and Yves LaTouch.

Plaintiff asserts he was employed by WSU from June 1995 through May 10, 2001. On or about November 4, 2000, Plaintiff filed a complaint with the Washington State Auditor's office under RCW 42.40, reporting that Defendant Yves LaTouch, an employee of WSU's food service, had taken products from the food service for his personal use. Following an investigation, Plaintiff asserts the State Auditor concluded there were ethical violations. Nonetheless, Plaintiff contends Defendants Kenney, McCarty, Webb, and LaTouch, members of the WSU management team who supervised Plaintiff, retaliated against him by defaming him, failing to promote him, harassing him on the job site, culminating in Plaintiff's termination effective May 10, 2001. Plaintiff also contends Defendant Greg Royer, WSU Vice President of Business Affairs, was aware of the retaliation, but took no corrective action and ultimately permitted Plaintiff's termination from public employment without due process. Plaintiff seeks compensatory and exemplary damages, costs and attorney fees.

Defendants move to dismiss the Complaint and claims on procedural and substantive grounds. Defendants contend they have not been properly served, the state and its universities enjoy

---

[1] Although not named in the caption, Plaintiff refers to Tim McCarty as a Defendant in ¶ 3.5 of the Complaint. (Ct. Rec. 1.) For purposes of this Order, Mr. McCarty is considered an unserved Defendant.

ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING PLAINTIFF'S COMPLAINT AND CLAIMS WITHOUT PREJUDICE - 2

sovereign immunity from suit, and, if the federal claim is dismissed, this court will lack jurisdiction over the pendent state claim.

Defendants deny service of process. (Ct. Rec. 3 at ¶ 6.9.) They further contend the Complaint fails to state an amount in controversy. Moreover, because the Complaint was filed May 10, 2004, Defendants contend the only timely allegation covered by the Complaint involves Plaintiff's termination on May 10, 2001. All other claims involving acts prior to that date under either section 1983 or the Whistle Blower statute, it is argued, would be barred by the state's three-year statute of limitations. RCW 42.40.050(1), 4.16.080(2).

Plaintiff appealed his termination from employment to the Personnel Appeals Board, but the appeal was denied. (Ct. Rec. 14, Rocke Decl., Ex. 3, Findings of Fact, Conclusions of Law and Order of the Board at 13.) The decision was appealed to Thurston County Superior Court; following remand by that court, the Personnel Appeals Board amended its conclusion and found the more appropriate sanction to be a suspension of Plaintiff's employment from May 11, 2001, through July 29, 2002. (Ct. Rec. 14, Rocke Decl., Ex. 5.) No further appeal was taken by Plaintiff and Plaintiff then returned to his work at WSU.

Plaintiff also contacted the Washington State Human Rights Commission, who concluded in November 2002 there was no reasonable cause Plaintiff was subjected to retaliation for having filed a whistle blower complaint. (Ct. Rec. 14, Rocke Decl., Ex. 7.)

**PERSONAL JURISDICTION**

Defendants assert they were not personally served with the

ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING PLAINTIFF'S COMPLAINT AND CLAIMS WITHOUT PREJUDICE - 3

Complaint filed on May 10, 2004; there is no admissible evidence to the contrary. The defense has not been waived; deficiency of personal service was raised in the Answer filed June 28, 2004, and Joint Report on Scheduling and Discovery Conference filed October 12, 2004. (Ct. Rec. 3, 5.) Once the defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing the court has jurisdiction. *KVOS, Inc. v. Associated Press*, *1936*, 299 U.S. 269, 278 (1936).

FED. R. CIV. P. 4(c) requires personal service of the Summons and Complaint. *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 538 (9th Cir. 1986) (stating a federal court obtains personal jurisdiction over defendants who are served with process); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, there must be "substantial compliance with Rule 4." *Jackson*, 682 F.2d at 1347. A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction. *Id.;* FED. R. CIV. P. 12(h)(1).

Rule 4(d) provides a summons and complaint may be served by mailing a copy of the summons and of the complaint to the person to be served, and requesting that the defendant waive service of a summons. That request shall be in writing utilizing text prescribed in an official form promulgated pursuant to Rule 84. FED. R. CIV. P. 4(d)(2). If no acknowledgment is received by the sender within at

1 | least 30 days after the date of mailing, service of such summons and
2 | complaint shall be made under the provisions for personal or
3 | substituted service under Rule 4(c).

4 |     Pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 4(m), Plaintiff has 120 days from
5 | filing to personally serve Defendants with the Summons and
6 | Complaint. It has been more than 120 days since the Complaint was
7 | filed on May 10, 2004. There has been no showing of good cause for
8 | Plaintiff's failure to execute proper service. F<small>ED</small>. R. C<small>IV</small>. P. 4(m).
9 | Thus, this court is without jurisdiction to address further the
10 | claims and defenses of this action. *Oyama v. Sheehan (In re*
11 | *Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001). Accordingly,

12 | **IT IS ORDERED:**

13 |     1. Defendants' Motion **(Ct. Rec. 11)** is **GRANTED**; Plaintiff's
14 | Complaint and claims are **DISMISSED WITHOUT PREJUDICE.**

15 |     2. The District Court Executive is directed to enter this
16 | Order and furnish copies to Plaintiff by regular mail and counsel
17 | for Defendants by electronic filing. Judgment shall be entered for
18 | Defendants, each party shall bear its own costs, and the file shall
19 | be **CLOSED.**

20 |     DATED April 20, 2005.

22 |                       S/ CYNTHIA IMBROGNO
23 |                       UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING PLAINTIFF'S
COMPLAINT AND CLAIMS WITHOUT PREJUDICE - 5